114 A.3d 737

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RA-
KING J. ALLEN, SR., DEFENDANT-APPELLANT.

Argued November 19, 2013—Remanded December 6, 2013—
Reargued April 13, 2015—Decided May 12, 2015.

*Alicia J. Hubbard,* Assistant Deputy Public Defender, argued
the cause for appellant. (*Joseph E. Krakora,* Public Defender,
attorney).

*Steven A. Yomtov,* Deputy Attorney General, argued the cause
for respondent (*John J. Hoffman,* Acting Attorney General of
New Jersey, attorney).

## ORDER

This case involves a warrantless search. The State, therefore,
must establish by a preponderance of the evidence that the search
was justified under a recognized exception to the warrant require-
ment. *See State v. Edmonds,* 211 *N.J.* 117, 128–30, 47 *A.*3d 737
(2012).

The trial court made findings on remand, to which we defer.
*See State v. Elders,* 192 *N.J.* 224, 243–44, 927 *A.*2d 1250 (2007)
(noting that in reviewing motion to suppress, appellate court
should uphold trial court's factual findings so long as they are
"supported by sufficient credible evidence in the record" and
should not disturb those findings merely because "it might have
reached a different conclusion were it the trial tribunal" (internal
quotation marks omitted)).

In light of the trial court's findings on remand, the State has not
met its burden. Neither the automobile exception nor the plain
view exception to the warrant requirement applies. *See State v.
Pena–Flores,* 198 *N.J.* 6, 28, 965 *A.*2d 114 (2009); *State v. Bruz-
zese,* 94 *N.J.* 210, 236, 463 *A.*2d 320 (1983).

The judgment of the Appellate Division is accordingly reversed, and defendant's conviction for possession of heroin with intent to distribute is vacated.